IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BALTIMORE, | ) Case No. 1:10-cv-00931 LJO JLT (PC) |
| Plaintiff, | ) ORDER REQUIRING DEFENDANT TO NOTIFY THE COURT OF HIS WILLINGNESS |
| vs. | ) TO ENGAGE IN AN EARLY SETTLEMENT CONFERENCE |
| CHRISTOPHER HAGGINS, | ) |
| Defendant. | ) (Doc. 24) |
| | ) ORDER DENYING REQUEST TO MODIFY SCHEDULING ORDER |
| | ) (Doc. 23) |

**I.    Request for Settlement Demand**

On December 12, 2011, Plaintiff Robert Baltimore, a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, filed a "demand for settlement." (Doc. 24.)

Therefore, within five court days, Defendant is **ORDERED** to notify the Court of his willingness to engage in an early settlement conference.

**II.    Motion to amend the scheduling order**

On December 12, 2011, Plaintiff also filed a request for a 45-day extension of time as to all deadlines currently in place. (Doc. 23) Plaintiff explains that this is needed because the copy machine in the law library at his place on incarceration is broken. However, he does not explain what documents he needs to copy or how the inability to copy these documents impacts the case schedule. The only

1

1  pending deadline is the completion of discovery, including all discovery motions, on February 3, 2012,
2  more than 50 days from now.  Thus, the Court has no understanding how a temporarily broken copy
3  machine would justify the requested extension of the discovery deadline.

4        Notably, a scheduling order may be modified only for good cause and with the judge's consent.
5  Fed. R. Civ. P. 16(b)(4).  Good cause exists where the moving party demonstrates that it could not meet
6  the court's deadline despite exercising due diligence.  Johnson v. Mammoth Recreations, Inc., 975 F.2d
7  604, 609 (9th Cir. 1992).  Because Plaintiff has failed to demonstrate good cause to modify the
8  scheduling order, the motion is **DENIED**.

9        Alternatively, Plaintiff requests the Court order Corcoran state prison to make available to him
10 a working copy machine.  Plaintiff is advised that the Court has not authority to order the prison to
11 provide him a working copy machine.  The pendency of this action does not give the Court jurisdiction
12 over the law librarian or any other prison official at the Corcoran State Prison and the Court cannot issue
13 an order requiring prison officials to grant Plaintiff access to photocopier.  See e.g., Summers v. Earth
14 Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (the plaintiff bears the burden of
15 establishing standing for each form of relief he seeks in federal court); City of Los Angeles v. Lyons,
16 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.
17 2010).

19 IT IS SO ORDERED.

20 Dated:   **December 14, 2011**         **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE