IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BALTIMORE, | Case No. 1:10-cv-00931 LJO JLT (PC) |
| Plaintiff, | **AMENDED PRETRIAL ORDER** |
| v. | **Deadlines**: |
| CHRISTOPHER HAGGINS | Motions in Limine Filing: 3/8/13 |
| Defendant. | Oppositions to Motions in Limine: 3/15/13 |
| | Trial Submissions: 3/8/13 |
| | **Jury trial:  March 26, 8:30, Courtroom 4** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This matter has completed discovery and dispositive motions have been decided.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will by this order set a further schedule for this litigation.  Upon consideration of the parties' comments at hearing, the parties' pretrial statements and the file in this case, the Court issues the following pretrial order.

**A.     JURISDICTION/ VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983.  Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.  In addition, Plaintiff's claims arise out of events that occurred at Corcoran Prison, located in Corcoran, California.  Accordingly, venue is

proper in the United States District Court for the Eastern District of California sitting in Bakersfield.  28 U.S.C. § 1391.

**B.    JURY TRIAL**

Plaintiff included a demand for jury trial in his original complaint.  Defendants also included a demand for jury trial in their answers.  Accordingly, trial will be by jury.

**C.    UNDISPUTED FACTS**

1. Plaintiff is a convicted felon.
2. From June 6, 2007, to January 25, 2010, plaintiff was incarcerated in the Security Housing Unit ("SHU"), at the California Correctional Institution.
3. As of June 2009, Plaintiff was housed in the SHU because he was a validated Nazi Low Rider (NLR) prison gang member , although he had begun the debriefing process.
4. In the Security Housing Unit, inmates are handcuffed on the way to and from the shower, and anytime they are outside of their cells, for security reasons.
5. On October 22, 2009, Officer Haggins and Officer Marshall were both working as floor officers in Facility 4-B, housing unit 1, on second watch – from 6:00 a.m. to 2:00 p.m.
6. At approximately 6:55 a.m., Officer Haggins handcuffed plaintiff after he showered.
7. Plaintiff asked if he could get a book, and Officer Haggins said no.
8. An incident occurred between plaintiff and Officer Haggins when plaintiff was in front of his cell (#C-103) or just inside it, the nature of which is disputed.
9. Officer Haggins struck plaintiff three times in the leg with the tip of his Monadnock Expandable Baton (MEB).
10. Plaintiff was escorted to the medical clinic to be medically evaluated.  Plaintiff was examined by Dr. Kang Lee.

**D.    DISPUTED FACTS**

All other facts are disputed.

///

///

2

E.  **DISPUTED EVIDENTIARY ISSUES**

Plaintiff's Evidentiary Issues

1. None at this time

Defendants' Evidentiary Issues

1. None known at this time.

F.  **SPECIAL FACTUAL INFORMATION**

None.

G.  **RELIEF SOUGHT**

In his pretrial statement, Plaintiff seeks $40,000 in compensatory damages, $50,000 in punitive damages and $10,000 in nominal damages and for pain and suffering. However, nominal damages may not exceed $1.00. Plaintiff also seeks attorney/s fees and his cost of suit. However, because Plaintiff is representing himself and has not paid cost of suit, he is not entitled to recover costs.

H.  **POINTS OF LAW**

**1.  Section 1983**

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). There must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

**2.      Excessive Force**

When a prison official uses excessive force against a prisoner, he violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir.2002). "Force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Id. (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). To make this determination, the Court may evaluate "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' . . . 'any efforts made to temper the severity of a forceful response'" and the extent of any injury inflicted. Hudson v. McMillian, 503 U.S. 1, 7 (1992). The malicious and sadistic use of force by prison officials always violates contemporary standards of decency (Hudson v. McMillian, 503 U.S. 1, 9 (1986)), even where there is no visible physical injury resulting. Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (excessive force standard examines de minimis uses of force, not de minimis injuries).

**I.      ABANDONDED ISSUES**

None.

**J.      WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

Plaintiff anticipates calling the following witnesses:

1.      Robert Owen

2.      Correctional Officer R. Marshall

3.      Correctional Officer C. Haggins

4.      Correctional Officer T. Weeks

4.      Dr. Kang Lee

5. Nurse James Settles

6. Plaintiff, Robert Baltimore

Plaintiff has filed a motion for incarcerated and unincarcerated witnesses to be present. (Docs. 42, 43) The Court will address this motion in a separate order.

<u>Defendants anticipate calling the following witnesses:</u>[1]

1. Officer C. Haggins

2. Officer R. Marshall

3. Officer T. Weeks

4. Dr. Kang Lee

5. Robert Borg

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

<u>Plaintiff's Exhibits</u>

1. Exhibit A - Rules Violation Report C.D.C.R. 115, part C, 3 pages, done by Senior Hearing officer: LT. GA Magallane:

2. Exhibit B, 1-5 - Photos of injuries, medical reports of Dr. Lee, and R.N. Settles medical reports and Body Sheet of location of injuries.

3. Medical report(s) of Dr. Lee, R.N. James Settles and other medical professionals including the "body" sheet reflecting Plaintiff's injuries from the incident at issue.

4. Exhibit C - A rules violation report C.D.C.R. 115 done by defendant: Disobeying a Direct Order Resulting in the Use of Force.

5. Exhibit D, 1-7 - Written reports of Sgt. R. Bounville and C.O.s: C. Haggins, R.

---

[1] The Court has deleted the custodians of records in light of the stipulation that unmodified CDCR records related to Plaintiff may be used without an authenticating witness.

Marshall,

T. Weeks, Wadman, Estrada, and Frye.

6. Exhibit E - Investigative employee report done by R. Sanchez, which includes statements by C.D.C.R. staff and inmate witness: R. Owens,V-77404.

7. Exhibit F - C.D.C.R. Chrono 128G, a classification chrono done by C.D.C.R. staff.

8. Exhibit G - Written statement of Plaintiff and submitted to Sgt. R. Bounville.

9. Exhibit H - Written Declaration of C. Haggins.

10. Exhibit I - Medical request forms and reports detailing pain medication refills re: the injuries suffered in the incident at issue.

11. Exhibit J - Crime/Incident Report A and B prepared by CDCR officers re: the incident at issue

12. Exhibit K, 1-2 - Declarations of R. Marshall and T. Weeks

13. Exhibit L - Photo of Housing Unit 1, Section C, shower area, bunk, table and cells where the incident occurred

Defendants' Exhibits

1. CDC Form 114-A1, Inmate Segregation Profile for Plaintiff [prior to October 22, 2009]

2. Diagram of the Security Housing Unit at Corcoran State Prison, Building 4B-1, lower level.

3. Photographs of the Security Housing Unit at Corcoran State Prison, Building 4B-1, lower level.

4. Medical Report (Form 7219) and Progress Notes for Plaintiff dated October 22, 2009

5. Photographs of Plaintiff taken on October 22, 2009

6. X-Ray reports of plaintiff's right tibia and fibula dated 10/26/09

7. X-Ray report of plaintiff's right knee dated December 7, 2009

Plaintiff has provided copies of his exhibits with his pretrial statement. On or before **February 1, 2013**, Defendant shall provide Plaintiff with a copy of any exhibit <u>not previously</u> produced during discovery that he intends to present at trial. In addition, the original and four

copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **March 15, 2013**.[2] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 1 (e.g., PX-1, PX-2, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with 500 (e.g., DX-500, DX-501, etc.).

The Parties shall number each page of any exhibit exceeding one page in length.

**L.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

<u>Plaintiff's Discovery Documents</u>

1.     All discovery responses and documents received through discovery

<u>Defendants' Discovery Documents</u>

1.     Defendants anticipate using the transcript of Plaintiff's deposition and his responses to discovery for impeachment purposes.

**M.     FURTHER DISCOVERY OR MOTIONS**

Plaintiff indicates that he wishes to obtain the portions of Defendant's disciplinary records that relate to citizen complaints alleging use of excessive force, assault and battery upon an inmate, manufacturing evidence, manufacturing evidence in which Defendant lied to the court or his superiors and any lawsuits for the same from 2007 through 2012.

Plaintiff reports that he has requested this information from Defendant but he has refused to produce it. Plaintiff seeks an order compelling production of these documents. The deadline to complete discovery and to file discovery-related motions was February 3, 2012, nearly a year

---

[2] This includes the Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand, and one to retain for themselves.

ago.  (Doc. 17) Plaintiff offers no explanation as to why he failed to file a motion to compel production of these documents during the discovery period.  Thus, the request to file a motion to compel is **DENIED**.

N.      **Motions in Limine**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  Id.

All motions in limine must be served on the other party, and filed with the Court, by **March 8, 2013.** The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **March 15, 2013**. The Court will decide all motions in limine upon the written submissions.  The parties are reminded that they may still object to the introduction of evidence during trial.

N.      **STIPULATIONS**

The parties agree that unaltered records from Plaintiff's central and medical files maintained by CDCR and any CDCR record generated and maintained in the regular course of business, may be used as exhibits at trial without the need for an authenticating witness. The parties may still raise other objections to the introduction of the records, as appropriate.

O.      **AMENDMENTS/ DISMISSALS**

None at this time.

P.      **SETTLEMENT NEGOTIATIONS**

The parties are amenable to settlement discussions. Thus, the Court **ORDERS** a

settlement conference to occur at Corcoran State Prison on **March 15, 2013 at 10 a.m.** The parties need not file a settlement conference statement.

The parties **SHALL** continue their settlement discussions before the settlement conference. In the event the case settles or the parties determine (whether jointly or separately) the settlement conference is unlikely to be fruitful, they **SHALL** notify the Court immediately so the Court may vacate the conference.

**Q.    AGREED STATEMENT**

None.

**R.    SEPARATE TRIAL OF ISSUES**

Defendants seek to bifurcate the issue of punitive damages. The Court will bifurcate the issue of the amount of punitive damages. If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**S.    EXPERTS**

Though Plaintiff asserts that there may be need of an impartial expert in the future, he fails to explain the type of expert he believes is needed or, even, that one should be appointed now. Thus, Court will not appoint impartial experts.

**T.    ATTORNEYS' FEES**

Plaintiff is proceeding *pro se* and is not entitled to attorney's fees. Defendants do not seek attorneys' fees.

**U.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **March 26, 2013**, at 8:30 a.m. before the Honorable Lawrence J. O'Neill at the United States Courthouse, 2500 Tulare Street, Fresno, California, Courtroom 4. Trial is expected to last no longer than 1-2 days.

V.    **TRIAL PREPARATION AND SUBMISSIONS**

    **1.    Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.

    **2.    Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with

Local Rule 162.1, on or before **March 15, 2013.**

### 3. Statement of the Case

The parties SHALL serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **March 15, 2013.** The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 4. Jury Instructions

Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **March 8, 2013.** If Plaintiff also wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so on or before **March 15, 2013.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at JLTOrders@caed.uscourts.gov. If Plaintiff elects to file any proposed jury instructions, he may file those, as normal, under this case number with the Clerk of the Court.

### 5. Verdict Form

Defendants shall file a proposed verdict form as provided in Local Rule 163 on or before **March 8, 2013.** If Plaintiff also wishes to file a proposed verdict form or object to the one filed by Defendants, he must do so on or before **March 15, 2013.**

### W. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the

1  requested modifications, corrections, additions or deletions.

2  **X.    MISCELLANEOUS MATTERS**

3  None.

4  **Y.    COMPLIANCE**

5  Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **January 18, 2013**                    /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE