IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BALTIMORE,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTOPHER HAGGINS,<br><br>          Defendants. | Case No. 1:10-cv-00931 – LJO - JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. 80) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 25, 2010, against Defendants for the excessive use of force in violation of the Eighth Amendment. Before the Court is Plaintiff's motion for attendance of incarcerated witnesses. (Doc. 80). Plaintiff requests that the CDCR transport himself and Robert Owens (V-77404) to the Court to testify at trial. Id. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for attendance of the incarcerated witness.

I.   **BACKGROUND**

The events at issue in this action occurred on October 22, 2009. (Doc. 1 at 3). On that date, Plaintiff alleges Defendant used excessive force on him as he was exiting the shower in handcuffs. Id. At that time, Plaintiff asked for a book and Defendant said no while raising his baton to hit Plaintiff. Id. Officer Marshall intervened, and Defendant escorted Plaintiff back to his cell without any problems. Id. In the cell, Plaintiff asked Defendant to let go of his arm. Id.

Defendant then struck Plaintiff will his baton and continued to strike Plaintiff after Plaintiff fell to the ground. Id.

## II.   DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 43(a) requires a witnesses' testimony to be taken in open court.  However, "[F]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).  The determination of whether to require the physical presence of an incarcerated individual at the time of trial lies within the discretion of the District Court. Wiggins v. Alameda Cnty., 717 F.2d 466, 468 n. 1 (9th Cir. 1983).  In exercising its discretion, the Court must consider such factors: "[1.] whether the prisoner's presence will substantially further the resolution of the case, [2.] the security risks presented by the prisoner's presence, [3.] the expense of the prisoner's transportation and safekeeping, and [4.] whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." Wiggins, 717 F.2d at 468 n. 1.

As a preliminary matter, given Defendant has not addressed the issue, the Court presumes that there is no reason Plaintiff cannot be transported for trial.  (Doc. 90).  As such, herewith, the Court will issue an order requiring he be transported for trial.

On the other hand, Defendant argues against the physical presence of Plaintiff's sole third-party witness at trial. (Doc. 90).  Plaintiff avers that Mr. Owens was present at the time of the event on October 22, 2009. (Doc. 80-3 at 2).[1]  According to Plaintiff, Mr. Owens "saw and heard" the October 22 events and was thus an eye-witness. Id. at 2-3.  Finally, Plaintiff contends that Mr. Owens expressed his willingness to testify in the past. Id.  Thus, the presence of Mr. Owens would substantially further the resolution of Plaintiff's case.

Defendant indicates that Mr. Owens possesses the "highest custody and security levels," due to "numerous violent and serious Rules Violations while in custody, including attempted murder on an inmate in 2007, conspiracy to commit murder and in-cell fighting with a cellmate." (Doc. 90-1 at 2).  Defendant further avers that Mr. Owens "has some ties with the Aryan

---

[1] Plaintiff provides his own sworn declaration and one purportedly made by Mr. Owens. (Doc. 80-3). However, Mr. Owens' statement is unsigned. Id. at 6.  Thus, in making the present ruling, the Court relies solely on the substantive claims contained in Plaintiff's sworn declaration.

Brotherhood and/or Nazi Low Rider prison gangs." (Doc. 90-1 at 2)  However, the declaration submitted in support of the Defendant's position fails to set forth any details about these events[2], when these events occurred, Mr. Owens' recent record of compliance with prison rules or how his claimed "ties" to either of these gangs impacts the ability to transport him safely to court.[3]

Finally, Defendant estimates that the cost to the CDCR would be $1,800.00 to transport Mr. Owens from Corcoran State Prison to Fresno for the trial. (Doc 90 at 3).  Once again, there is no showing demonstrating how this figure was determined and, seemingly, the costs would be somewhat duplicated by transport of Mr. Baltimore.  Though the Court is sympathetic to the state's budget woes, Defendant fails to offer factual support for the cost estimate. The Court is not willing to refuse Mr. Baltimore his sole third-party witness based upon this unsupported cost estimate. Therefore, Plaintiff's motion for the attendance of incarcerated witnesses is **GRANTED.**

### ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion for attendance of incarcerated witness (Doc. 80) is **GRANTED.**

IT IS SO ORDERED.

Dated:   **August 28, 2013**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] For example, the Court cannot determine even, whether these were three separate events or whether the same conduct on one occasion supported all three charges.

[3] Given Defendant's security concerns, however, will require Mr. Owens to remain shackled and in prison clothes at trial.