# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BALTIMORE,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTOPHER HAGGINS,<br><br>  Defendant. | Case No.: 1:10-cv-00931-LJO-JLT (PC)<br><br>**ORDER DENYING DEFENDANT'S BILL OF COSTS**<br><br>(Doc. 124) |

**I. Background**

Robert Baltimore ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was tried before a jury starting on October 16, 2013. (Doc. 118.) On October 18, 2013, a verdict was returned in Defendant's favor and judgment was entered on October 23, 2013. (Docs. 122, 123.) Defendant filed his bill of costs on November 6, 2013, seeking $1,462.61. (Doc. 124.) Plaintiff opposed the taxation and Defendant filed a reply. (Docs. 125, 127.) For the reasons discussed below, Defendant's taxation of costs against Plaintiff is denied.

**II. Standards**

Fed. R. Civ. P. 54(d)(1) states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party ...

The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).

In pertinent part, 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While the rule creates a presumption in favor of awarding costs to a prevailing party, district courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969); *see, Assoc. of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir.2000) (en banc). However, 'this discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Assoc. of Mexican-American Educators*, 231 F.3d at 592 (quoting, *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir.1978)). The reasons specified must "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id*. at 593 (internal quotation marks omitted). The losing party bears the burden of providing such reasons to the court. *See, e.g., Mansourian v. Bd. of Regents of the Univ. Of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008).

The Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented issues of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)); *Assoc. of Mexican-American Educators*, 231 F.3d at

592 (reciting similar factors).  However, this is not "an exhaustive list of 'good reasons' for declining costs."  *Assoc. of Mexican-American Educators*, 231 F.3d at 593.

In civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources.  *Assoc. of Mexican-American Educators*, 231 F.3d at 592; *Stanley v. University of Southern California*, 178 F.3d 1069, 1079–80 (9th Cir.1999).  It is not necessary to find that Plaintiffs is currently indigent.  *Stanley*, 178 F.3d at 1079–80 (indicating the proper inquiry is whether an award of costs might make a plaintiff indigent). In the case at bar, Plaintiff is an inmate, proceeding *in forma pauperis*, and was only able to obtain counsel through pro bono appointment via the Court.  Further, Plaintiff does not even have "access to the just over $200 to his name, which is being held by the California Department of Corrections." (Doc. 125, P's Opp., 2:11-17, and Harris Decl., ¶2.)  This certainly qualifies as having limited financial resources.

Further, Plaintiff's *in forma pauperis* and incarceration status makes the financial disparity between him and Defendant (a free, employed person, whose defense bills were undoubtedly paid by his employer) self-evident.  Also, there is neither evidence of misconduct by Defendant, nor bad faith in litigation by Plaintiff.  Finally, while this Court is what some may call "inundated" with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these.

The totality of these circumstances support denial of a defense cost award in this case.

**III.  Order**

For the reasons set forth above, Defendant's Bill of Costs, filed November 6, 2013 (Doc. 124), is HEREBY DENIED.  Defendant shall not recover costs in this case.

IT IS SO ORDERED.

Dated:   **February 26, 2014**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE